IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DISIVISON

UNITED STATES OF AMERICA

VS.

TONY CLAYTON SCOTT,

Defendant

NO. 3: 10-MJ-04-27 (CWH)

**VIOLATION: Drug Related**

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was held in the above-captioned case on April 30, 2010. Based upon the evidence proffered and presented, I conclude that the following facts require the detention of the above-named defendant pending indictment and trial in this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of 10 years or more is prescribed in the *Controlled Substances Act*.

    ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### Alternative Findings

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community were he to be released from custody at this time by continuing to be involved in illegal drug activity.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered/presented by the government at the DETENTION HEARING establishes by clear and convincing evidence that ☐ no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of this defendant (and) ☒ the safety of the community if the defendant is released from custody at this time, based on the following findings:

**PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION (continued)**

**1. NATURE OF OFFENSE:**

☒ The offense(s) charged against the defendant is/are (a) serious one(s) for which long-term imprisonment may be imposed if the defendant is convicted as charged.

☐ The defendant is charged with a crime of violence.

☒ The defendant is charged with (a) serious drug offense(s).

**2. WEIGHT OF EVIDENCE:**

☒ The weight of evidence against this defendant is strong.

☐ The court lacks sufficient evidence upon which to make a finding as to the weight of evidence.

**3. HISTORY AND CHARACTERISTICS OF THE DEFENDANT:**

☐ The defendant has no family ties to the Middle District of Georgia.
☒ The defendant has strong family ties to the Middle District of Georgia.
☒ The defendant has a history of stable employment.
☐ The defendant has a history of unstable employment.
☐ The defendant is currently employed.
☒ The defendant is not currently employed.
☒ The defendant has a history of ☒ alcohol ☒ illegal drug use.
☐ The defendant has a history of failing to appear in court.
☒ The defendant has a history of criminal arrests and/or convictions which includes: Defendant Scott has an extensive arrest record going back to 1979, consisting primarily of misdemeanors.

THEFT BY SHOPLIFTING, Superior Court of Athens-Clarke County, 2000.

Pending Charges:

POSSESSION/DISTRIBUTION OF COCAINE, POSSESSION OF A FIREARM BY A CONVICTED FELON, Superior Court of Athens-Clarke County, 2006.

TRAFFICKING IN ILLEGAL DRUGS, Superior Court of Athens-Clarke County, 2007.

*TRAFFICKING IN COCAINE, Athens-Clarke County, 2010.

---

*It appears that the federal complaint herein arose from this state case.

☒ At the time of the current offense or arrest, the defendant was

☐ on probation
☐ on parole
☒ on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law.

**4. NATURE AND SERIOUSNESS OF DANGER:**

☒ If released from custody at this time, the defendant would pose a serious danger to a person or to the community because evidence/information presented to the court establishes

☐ that the defendant has a history of violent behavior;

☒ that the defendant has a history of continued dealing in illegal drugs and that he has a propensity to continue dealing in illegal drugs.

☐ Based on the evidence/information presented, the court finds that the defendant poses no serious danger to a person or to the community if released from custody.

**5. OTHER:**

---

**PART III - DIRECTIONS REGARDING DETENTION**

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 3rd day of MAY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE